# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**  PLAINTIFF

v.  No. 4:19-cr-437-DPM

**TOMMY COLLIER**  DEFENDANT

## ORDER

**1.** In September 2018, Trooper Travis May pulled over Tommy Collier for allegedly swerving onto the shoulder.  The stop led to a search, which yielded the cocaine at issue in this case.  Collier moves to suppress the drugs.  *Doc. 28*.  Collier says that no traffic violation happened.  *Doc. 32 at 3-4*.  He also argues that May unlawfully extended the stop without reasonable suspicion of criminal activity.  *Doc. 32 at 4-7*.

**2.** Collier does not offer evidence showing that no violation occurred that would justify the stop.  Rather, he points to the video of the stop, which the United States has submitted along with the Arkansas State Police incident report.  *Doc. 32-1 & Doc. 33*.  Collier argues that the video doesn't show the alleged violation itself.  The United States disagrees; arguing that the video does show Collier's car veering to the right shoulder.  The United States also argues that the video shows Collier admitting that he swerved.  And the United States notes that May would testify that additional violations occurred

outside the window captured by the automatic pre-record function on the camera.

The motion to suppress is denied at this point. While it is not 100% clear, Collier's vehicle seems to drift over the fog line before the stop. Collier also appears to admit to swerving while trying to adjust his seatbelt. May's report echoes this admission. Regardless, Collier's conclusory claim that there was no violation isn't enough to suppress the evidence or even prompt a hearing. *United States v. Stevenson*, 727 F.3d 826, 831 (8th Cir. 2013). On this record, the motion is denied without prejudice.

**3.** May also had reasonable suspicion of criminal activity. Collier told an unusual story: his cousin brought a rental car from Las Vegas to Mississippi so that Collier could use it. His further explanation about driving in that car from Greenville, Mississippi to central Arkansas for truck tires was plausible, but a reasonable officer could conclude that it didn't fit well with the whole. May reported that the car had a lived-in look, which suggested that Collier was traveling without making many stops. The car's apparent condition was also inconsistent with Collier's statement that he'd spent a day in Little Rock. And Collier appeared to be particularly nervous. Considering the totality of the circumstances, May had reasonable suspicion of criminal activity to extend the stop. *United States v. Pacheco*, 996 F.3d 508, 512 (8th Cir. 2021).

\* \* \*

Motion to suppress, *Doc. 28*, denied without prejudice.

So Ordered.

*/s/ DP Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

9 February 2022