IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | Case: | 4:19-CR-437 |
| Plaintiff(s) | | |
| v. | | |
| Tommy Collier | Judge: | D.P. Marshall Jr. |
| Defendant(s) | | |

**RESPONSE IN SUPPORT OF JUDGMENT FOR ACQUITTAL**

1.     Now comes the Defendant, Tommy Collier, by and through his attorney Chris Baker of the James Law Firm, and submits the following in support of their August 2nd, 2023 Motion for Acquittal.

2.     When a word is not defined by statute, we normally construe it in accord with its ordinary or natural meaning. *See Perrin* v. *United States*, 444 U.S. 37, 42, 62 L. Ed. 2d 199, 100 S. Ct. 311 (1979). The operative word in play here is the definition of cocaine under § 102 of the Controlled Substances Act, codified at 21 U.S.C. § 802(17)(d), defining cocaine as its salts, optical and geometric isomers, and salts of isomers.

3.     When we review a statute, we consider whether there is ambiguity in the statue and its plainness by first reviewing the language used in the context of the statute. *Yates v. United States*, 574 U.S. 528, 537, 135 S. Ct. 1074, 1082 (2015); *see also Robinson* v. *Shell Oil Co.*, 519 U.S. 337, 341, 117 S. Ct. 843 (1997). Here, there is not ambiguity as the definition is clearly stated.

4.     The statute created by Congress lays out the definition and narrows the general term to a more limited and pointed definition of cocaine that only includes its optical and geometric isomers.

21 U.S.C. § 802(17)(d).  Congress has modified 21 U.S.C. § 802 over and over throughout the years and as recently as 2022. They carefully choose and selected those words.  That they are omitted means that Congress has opted to leave their definition and any problems that may be associated with it.

5.   In the Government's response they first look to *Chappee v. Vose*, 843 F.2d, 25, 33 n.6 (1st Cir. 1988).  Core to Chappee was the fact that a party to the suit violated the discovery process when the Defendant attempted to bring on additional experts at the last moment.  Such a process was not authorized by the Court, and it is for this decision that Chappee appealed.

6.   Further, in response to the Defendant's allegations that his counsel was ineffective, the Court noted:

> If the prosecution and its chemist were caught unaware, perhaps even so fragile a straw as the isomer strategy might carry the day. As the SJC noted, "the tactic might well have succeeded were it not for the decisiveness of a seasoned judge." *Chappee I*, 492 N.E.2d at 727. Unwise and unscrupulous though it may have been, we cannot conclude as a matter of federal constitutional law that the strategy was entirely outside the "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

*Chappee v. Vose*, 843 F.2d 25, 34 (1st Cir. 1988).

7.   Next, the Government cites to *United States v. Francesco*, 725 F.2d 817, 820 N. 1 (1st Cir. 1984), implying that the name of the cocaine was the controlling factor.  Omitted, however, is a crucial aspect of the *Francesco* holding.  The Defendant in *Francesco* failed to provide any evidence or argument in support of their position, to which the court noted that:

> Although the government has the burden in a criminal case of proving every element of the offense charged, it has no burden of proving that a term used in its commonly understood sense has no other possible meaning -- **at least until the possibility of another meaning is raised by the defense**.

*Francesco*, 725 F.2d 817, 821 (1st Cir. 1984)(emphasis added).

8.   Here, the Defense is indeed arguing that there is another definition, as the statute clearly lays out its proposition that the Federal law specifically identifies the types of isomers of cocaine that are prohibited.

9.  The rest of the Government's case citations are equally problematic. *United States v. Fince*, 670 F.2d. 1356 (4th Cir. 1982) and *United States v. Puglisi*, 790 F.2d 240 (2nd Cir. 1986) have similar problems, in that a Defendant in those cases did not properly raise an isomer issue, which would then require the Government to put on the necessary evidence to carry their burden. *Puglisi*, 790 F.2d 240, 242 (holding Because no issue was raised as to which isomer of cocaine was involved here, the Government was not required to offer evidence on the matter.).

10. Submitted exhibits don't supplement or replace what was said at trial and that was subject to confrontation. The Chief Chemist of the Arkansas Crime lab may believe that there are no structural isomers, but they did not take the stand and testify about it.

11. This Court should find that the Government has not proven their necessary elements to the extent necessary to defeat a motion for acquittal and enter a judgment of not guilty.

Dated: August 3, 2023

Respectfully submitted,

/s/ Christopher Baker

Christopher Baker, Esq.
Arkansas Bar No. 2022124
*Attorney for Tommy Collier*
chris@jamesfirm.com
James Law Firm
1001 La Harpe Blvd.
Little Rock, AR 72201
Telephone: 501-375-0900
Fax: 501-375-1356

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of Defendant Tommy Collier's above motion was electronically filed and served on the Court's electronic filing system. A copy of the filing will be made to any parties not associated with the CM/ECF filing system.

Dated: August 3, 2023               Respectfully submitted,

                                    /s/ Christopher Baker

                                    Christopher Baker
                                    Arkansas Bar No. 2022124
                                    *Attorney for Tommy Collier*
                                    Telephone: 501-375-0900
                                    Fax: 501-375-1356